

# United States District Court

EASTERN DISTRICT OF TEXAS
PARIS DIVISION

| | | |
|---|---|---|
| KATHERINE HOPPER | § § | |
| V. | § § | CASE NO. 4:04cv318 (Judge Schell/Judge Bush) |
| Commissioner of Social Security Administration | § § § | |

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

The Plaintiff brings this appeal under 42 U.S.C. § 405(g) for judicial review of a final decision of the Commissioner denying her claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income Payments ("SSI"). After carefully reviewing the briefs submitted by the parties, as well as the evidence contained in the administrative record, the Court finds that the Commissioner's decision should be reversed and this case remanded for further proceedings as directed.

## HISTORY OF THE CASE

Plaintiff filed her applications for DIB and SSI on August 22, 2001, alleging inability to work since December 3, 1998. The applications were denied initially and upon reconsideration. Plaintiff subsequently requested a hearing before an Administrative Law Judge ("ALJ"). After holding a hearing on July 15, 2003, the ALJ issued an unfavorable decision on August 28, 2003. Plaintiff subsequently requested that the Appeals Council conduct a review. The Appeals Council denied Plaintiff's request on August 19, 2004. Therefore, the decision of the ALJ became the final decision of the Commissioner. Plaintiff now seeks judicial review of the final

administrative decision pursuant to 42 U.S.C. § 405(g).

## STATEMENT OF THE FACTS

Plaintiff was born on November 7, 1952 and was 50 years old at the time of the ALJ hearing. Plaintiff, an individual approaching older age, has more than a high school education. Plaintiff's impairments include fibromyalgia, sleep apnea, chronic obstructive pulmonary disease, major depression, anxiety, hypertension, gastroesophageal reflux disease, irritable bowel syndrome, and obesity.

## ADMINISTRATIVE LAW JUDGE'S FINDINGS

After considering the record, the ALJ made the prescribed sequential evaluation. The ALJ made the following findings:

1. The claimant meets the nondisability requirements for a period of disability and Disability Insurance Benefits set forth in Section 216(I) of the Social Security Act and is insured for benefits through [August 28, 2003].

2. The claimant has not engaged in substantial gainful activity since the alleged onset of disability.

3. The claimant has an impairment or a combination of impairments considered "severe" based on the requirements in the Regulations 20 CFR §§ 404.1520(b) and 416.920(b).

4. These medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.

5. The [ALJ] finds the claimant's allegations regarding her limitations are not totally credible for the reasons set forth in the body of the decision.

6. The [ALJ] has carefully considered all of the medical opinions in the record regarding the severity of the claimant's impairments (20 CFR §§ 404.1527 and 416.927).

7. The claimant has the following residual functional capacity: she can frequently lift and carry 20 pounds and occasionally lift and carry 50 pounds; sit for six hours out of an eight-hour workday at two-hour intervals; stand/walk two hours at thirty-minute intervals, only occasionally stoop, bend and crawl; and [should] avoid working at heights or around dangerous machinery.

8. The claimant is unable to perform any of her past relevant work (20 CFR §§ 404.1565 and 416.965).

9. The claimant is currently 50 years old, which is defined in the regulations as an individual closely approaching advanced age, and she was 46 years old as of her alleged onset date which is defined as a younger individual (20 CFR §§ 404.1563 and 416.963).

10. The claimant has "more than a high school (or high school equivalent) education" (20 CFR §§ 404.1564 and 416.964).

11. The claimant has transferrable skills from skilled work previously performed as described in the body of the decision (20 CFR §§ 404.1568 and 416.968).

12. The claimant has the residual functional capacity to perform a limited range of light work and the full range of sedentary work (20 CFR § 416.967).

13. Although the claimant's limitations do not allow her to perform the full range of sedentary and light work, using Medical-Vocational Rules 202.22, 202.15, 201.22 and 201.15 as a framework for decision-making, there are a significant number of jobs in the national economy that she could perform.

14. The claimant was not under a "disability," as defined in the Social Security Act, at any time through the date of this decision (20 CFR §§ 404.1520(f) and 416.920(f)).

(TR 39-40).

## STANDARD OF REVIEW

In an appeal under § 405(g), this Court must review the Commissioner's decision to determine whether there is substantial evidence in the record to support the Commissioner's factual findings, *Dellolio v. Heckler*, 705 F.2d 123 (5th Cir. 1983), and whether the Commissioner applied the proper legal standards in evaluating the evidence. *Smith v. Schweiker*, 646 F.2d 1075 (5th Cir. 1981); see 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Cook v. Heckler*, 750 F.2d 391, 392 (5th Cir. 1985); *Jones v. Heckler*, 702 F.2d 616, 620 (5th Cir. 1983). This Court cannot reweigh the evidence or substitute its judgment for that of the Commissioner, *Chaney v. Califano*, 588 F.2d 958, 959, (5th Cir. 1979), and conflicts in the evidence are resolved by the Commissioner. *Carry v. Heckler*, 750 F.2d 479, 484 (5th Cir. 1985).

To establish disability, Plaintiff must demonstrate a medically determinable physical or mental impairment that can be expected to last for a continuous period of not less than twelve months. Plaintiff must also show that the impairment precludes performance of the work previously done, or any other kind of substantial gainful employment that exists in the national economy. 42 U.S.C. § 1382(a)(3).

## SEQUENTIAL EVALUATION PROCESS

Pursuant to the statutory provisions governing disability determinations, the Commissioner has promulgated regulations that establish a five-step process to determine whether a claimant suffers from a disability. 20 C.F.R. § 404.1520 (1987).

First, a claimant who at the time of his disability claim is engaged in substantial gainful employment is not disabled. 20 C.F.R. § 404.1520(b) (1987). Second, the claimant is not disabled if his alleged impairment is not severe, without consideration of his residual functional capacity, age, education, or work experience. 20 C.F.R. § 404.1520(c) (1987). Third, if the alleged impairment is severe, the claimant is considered disabled if his impairment corresponds to an impairment described in 20 C.F.R., Subpart P, Appendix 1 (1987). 20 C.F.R. § 404.1520(d) (1987). Fourth, a claimant with a severe impairment that does not correspond to a listed impairment is not considered to be disabled if he is capable of performing his past work. 20 C.F.R. § 404.1520(e) (1987). Finally, a claimant who cannot return to his past work is not disabled if he has the residual functional capacity to engage in work available in the national economy. 20 C.F.R. § 404.1529(f) (1987); 42 U.S.C. § 1382(a).

## ANALYSIS

Plaintiff raises the following three issues on appeal: (1) whether the ALJ erred by rejecting the subjective complaints of Plaintiff; (2) whether the ALJ erred in finding that Plaintiff's fibromyalgia is not a severe medically determinable impairment; and (3) whether the ALJ properly assessed the claimant's credibility as required by SSR 96-7p.

Fifth Circuit case law has established that the opinions, diagnoses, and medical evidence of a treating physician who is familiar with the claimant's injuries, treatment, and response should be entitled to considerable or substantial weight. *See Scott v. Heckler*, 770 F.2d 482, 485 (5th Cir. 1985); *Fruge v. Harris*, 631 F.2d 1244 (5th Cir.

1992); *see also Salley v. Dupont*, 966 F.2d 1011, 1016 (5th Cir. 1992) ("The 'treating physician rule' requires the court, in appropriate circumstances, to defer to a patient's treating physician's testimony unless substantial evidence contradicts the testimony"). The ALJ may give less weight to a treating physician's opinion only "when there is good cause shown to the contrary." *See Scott*, 770 F.2d at 485 (quoting *Perez v. Schweiker*, 653 F.2d 997, 1001 (5th Cir. 1981). Good cause arises when the physician's statement is so brief and conclusory that it lacks persuasive weight, is unsupported by acceptable clinical laboratory diagnostic techniques, or is otherwise unsupported by the evidence. *Scott*, 770 F.2d at 485-86.

In *Newton v. Apfel*, 209 F.3d 448 (5th Cir. 2000), the Court concluded that, "absent reliable medical evidence from a treating or examining physician controverting the claimant's treating specialist, an ALJ may reject the opinion of the treating physician only if the ALJ performs a detailed analysis of the treating physician's views under the criteria set forth in 20 C.F.R. § 404.1527(d)(2). Additionally, if the ALJ determines that the treating physician's records are inconclusive or otherwise inadequate to receive controlling weight, absent other medical opinion evidence based on personal examination or treatment of the claimant, the ALJ must seek clarification or additional evidence from the treating physician in accordance with 20 C.F.R. § 404.1512(e).

In the instant case, the ALJ based his opinion concerning Plaintiff's residual functional capacity on the non-treating, non-examining opinions of the medical advisors who were present at the hearing. Based on these opinions, the ALJ found the

6

claimant had an ability to perform a restricted level of light work. The ALJ's conclusion was based on his determination that Plaintiff was limited to: sitting for six hours out of an eight-hour workday at two-hour intervals; standing and walking two hours out of an eight-hour workday at thirty minute intervals; lifting twenty pounds frequently and fifty pounds occasionally; avoiding heights, dangerous moving machinery, and operating motor vehicles; only occasional stooping, crawling, and bending; and no mental limitations.

In making this judgment, the ALJ failed to reconcile the findings of the consultative examining psychological expert, Dr. McGirk, which were recited in the decision but not discounted, the evidence of the treating doctors indicating a fibromyalgia disorder, the testimony of Dr. Freeman that he lacked sufficient evidence to evaluate whether Ms. Hopper met the listing for sleep apnea and his testimony concerning the diagnosis of fibromyalgia, and the contradictory statements of his psychological advisor, Dr. Brooks.

The ALJ failed to find that Plaintiff suffered from fibromyalgia and discounted her treating physician's opinion even though evidence presented post-hearing complies with the documentation Dr. Freeman, the medical advisor, indicated would establish the Plaintiff had fibromyalgia. Documentation of the fibromyalgia seems to support Dr. Kharazmi's opinion of the limitations and the testimony of Plaintiff regarding her limitations. A treating physician is generally a physician with whom the claimant has a long-standing or continuing treatment relationship. A treating physician is often in the best position to provide a detailed, longitudinal picture of a claimant's medical

impairments, and such a physician "may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." 20 C.F.R. 404.1527(d)(2).

Dr. Kharazmi, Plaintiff's treating physician, provided his opinion on the plaintiff's limitation, which the vocational expert stated would limit her ability to perform her past work and any other work in the national economy. Therefore, the ALJ's dismissal of Dr. Kharazmi's opinion is in error.

Plaintiff also contends that the ALJ erred in finding that Plaintiff's fibromyalgia was not a severe medically determinable impairment. Plaintiff's treating physician, Dr. Kharazmi, diagnosed Plaintiff with fibromyalgia. Furthermore, Plaintiff testified to significant limitations due to fatigue, memory problems, and physical limitations that correspond to her diagnosis of fibromyalgia. Thus, the ALJ may have erred in finding Plaintiff's fibromyalgia was not a severe impairment and that the limitations of such impairment could not be considered in her disability evaluation.

Additionally, the ALJ failed to properly evaluate the claimant's fibromyalgia in his decision as required by SSR 99-2p and SSR 02-02p. SSR 92-2p deals with chronic fatigue syndrome, but also applies to fibromyalgia and SSR 02-02p deals with interstitial cystitis, but also applies to fibromyalgia. In this case, the claimant's doctors diagnosed the claimant with fibromyalgia according to the CDC definition and have documented ongoing symptoms that prevent the claimant from working. The ALJ failed to properly evaluate the claimant's fibromyalgia and disregarded the treating

physician's opinion.

Plaintiff also complains that the ALJ failed to properly assess her credibility. There is very little discussion about the credibility of the plaintiff's complaints outside of the ALJ's conclusion that her treating physician would have sent her to a mental health professional if her condition was significant. There was no contemplation of the treating doctor's belief that physical treatment would eventually relieve the Plaintiff's depression, as Dr. McGirk, the examining psychologist, notes the depression is secondary to her physical problems.

Plaintiff is classified as closely approaching advanced age. Her treating physicians have diagnosed her with fibromyalgia, sleep apnea, depression, irritable bowel syndrome, hypertension, gastroesophageal reflux disease, and obesity. A thorough review of the record reveals that the ALJ relied on non-treating, non-examining medical advisors. The ALJ failed to properly weigh the opinion of Dr. Kharazmi, the treating physician, who diagnosed fibromyalgia and presented his opinion of limitations that preclude employment of Ms. Hopper. Therefore, pursuant to *Newton,* the Court is of the opinion that the ALJ's decision should be reversed and remanded for failing to designate reasons for disregarding the opinions of Plaintiff's treating physician.

## RECOMMENDATION

Pursuant to the foregoing, it is RECOMMENDED that the decision of the Administrative Law Judge should be REVERSED and the cause REMANDED with instructions that the ALJ reconsider and fully evaluate the opinions of Plaintiff's

treating physician.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days shall bar an aggrieved party from attacking the factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140, 106 (1985); *Nettles v. Wainwright*, 677 F.2d 404, 408 (5th Cir. 1982) *en banc*.

**SIGNED this 23rd day of May, 2005.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE